UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TONIA WHITT,

    Plaintiff,

v.                                                 Case No:   6:15-cv-783-Orl-31TBS

WINGSPAN PORTFOLIO
ADVISORS, LLC,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Amended Motion for Final Judgment Pursuant to Court's Default Judgment against Defendant, Wingspan Portfolio Advisors, LLC.[1] (Doc 14).   Upon due consideration, I respectfully recommend that the motion be **granted**.

### I. Background

On May 14, 2015, Plaintiff, Tonia Whitt, filed this case against her former employer, Defendant Wingspan Portfolio Advisors, LLC, for damages recoverable under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), arising out of her termination from employment with Defendant (Doc. 1).   Plaintiff alleges she was an employee for the Defendant since 2009 (Id., ¶ 7).   On August 3, 2014, she fell and hurt her head and the following morning she took the day off of work and went to the emergency room (Id., ¶¶ 8-9).   She returned to work August 6, 2014 (Id., ¶ 9).   Two weeks later she was having trouble focusing and concentrating and followed up with her

---

[1] The Court deferred ruling on Plaintiff's initial motion for final judgment (Doc. 10) pending the submission of a memorandum of law supporting her motion pursuant to Local Rule 3.01(a) (Doc. 11).

doctor who placed her on FMLA leave starting the last week in August 2014 (Id., ¶¶ 10-11).  Plaintiff did not work the last week in August and worked only 4 hours per day for the next 6 weeks while on FMLA leave (Id., ¶ 11).  She alleges that she was terminated on September 15, 2014, due to her performance for the month of August 2014 (Id., ¶ 13).  Plaintiff was still on leave when she was terminated (Id., ¶ 14).  Her two-count complaint alleges causes of action for FMLA interference and FMLA retaliation (Doc. 1).  Service on Defendant was effected May 15, 2015 (Doc. 7-1).  To date, Defendant has not appeared, filed any paper, or answered the complaint.

The Clerk of Court entered a default against Defendant on June 10, 2015, pursuant to FED. R. CIV. P. 55(a) (Doc. 9).  On July 16, 2015, Plaintiff sought entry of a default judgment against Defendant (Doc. 10).  The Court deferred ruling on the motion for 14 days to give Plaintiff an opportunity to cure deficiencies in her motion (Doc. 11).  Plaintiff has now filed an amended motion for default judgment which was referred to me for report and recommendation (Doc. 14).

## II. Service of Process and Entry of Clerk's Default

Federal Rule of Civil Procedure 4 sets out the rules regarding the service of process in a federal action.  A corporation may be served "in a judicial district of the United States … by delivering a copy of the summons and of the complaint to an … agent authorized by appointment or by law to receive service of process …."  FED. R. CIV. P. 4(h)(1)(B).  This action was served on Defendant's registered agent on May 15, 2015 (Doc. 7).  Thus, service of process on Defendant was proper.  Upon being served with the summons and complaint, Defendant was required to respond on or before June 5, 2015.  See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]").  Defendant has not

responded and on June 10, 2015, the Clerk properly entered default (Doc. 9).

### III. Entry of Default Judgment

The entry of a default by the Clerk does not necessarily require the Court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the complaint sufficiently alleges a basis for a default judgment. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. DIRECTV, Inc., 359 F. Supp. 2d at 1206. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu, 515 F.2d at 1206). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206.

### IV. Plaintiff's Claims

Count I of Plaintiff's complaint alleges interference in violation of the FMLA. A claim for interference arises when an employee asserts that her employer denied or otherwise interfered with her substantive rights under the FMLA, see 29 U.S.C. § 2615(a)(1). "To state a claim that [her] employer has interfered with a substantive FMLA

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

right, a plaintiff need only demonstrate that [she] was entitled to but denied the right. [She] does not have to allege that [her] employer intended to deny the right; the employer's motives are irrelevant." Strickland v. Water Works & Sewer Bd. Of City of Birmingham, 239 F.3d 1199, 1208 (11th Cir. 2001). "To establish a prima facie case of FMLA interference, [Plaintiff] must show that (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled." Donald v. Sybra, Inc., 667 F.3d 757, 761 (6th Cir. 2012) (citing Killian v. Yorozu Auto. Tenn., Inc., 454 F.3d 549, 556 (6th Cir. 2006)). Among the substantive rights granted by the FMLA to eligible employees is the right to "12 workweeks of leave during any 12-month period … [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA further provides for the right following leave "to be restored by the employer to the position of employment held by the employee when the leave commenced" or to an equivalent position. 29 U.S.C. § 2614(a)(1).

On Count I, Defendant is deemed to have admitted that Plaintiff was an employee for the Defendant since 2009 (Doc. 1, ¶ 7) and that Defendant is an employer as defined by the FMLA (Id., ¶ 5). Defendant has admitted that Plaintiff sustained a head injury on August 3, 2014, that resulted in her having trouble focusing and keeping concentration (Id., ¶¶ 8, 10). Defendant is also deemed to have admitted that Plaintiff's injury resulted in her having to seek emergency room treatment (Id., ¶ 9). Defendant is further deemed to have admitted that Plaintiff's doctor put her on FMLA leave beginning the last week of August 2014 due to her injury (Id., ¶ 11). Defendant also admits that Plaintiff did not

work the last week of August 2014, and thereafter was only working four (4) hours per day while on FMLA leave (Id., ¶ 12).   Defendant has also admitted that it terminated Plaintiff because of her performance during the month of August when she was still on FMLA leave (Id., ¶ 14).   Finally, Defendant is deemed to admit that it did not permit Plaintiff to have FMLA leave without interruption and that Plaintiff suffered damages as a result (Id., ¶¶ 17, 18).   Accepting these well-pled allegations as true, Plaintiff has sufficiently pled Count I, and it is **RECOMMENDED** that the Court find that Plaintiff is entitled to default judgment on her claim of FMLA interference in violation of 29 U.S.C. § 2615(a)(1).

In Count II, Plaintiff asserts a cause of action for FMLA retaliation.   In an FMLA retaliation claim, an employee asserts that her employer discriminated against her because she engaged in activity protected by the Act, see 29 U.S.C. § 2615(a)(1), (2). "To prove FMLA retaliation, an employee must show that [her] employer intentionally discriminated against [her] for exercising an FMLA right.   See 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(c).   Unlike an interference claim, an employee 'bringing a retaliation claim faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus.'"   Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1267-68 (11th Cir. 2008) (quoting Strickland v. Water Works and Sewer Bd. of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001)).   Absent direct evidence of retaliatory intent, the Eleventh Circuit applies the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).   See Martin, 543 F.3d at 1268.   "Under that approach, an employee claiming FMLA retaliation must show that (1) [s]he engaged in statutorily protected activity, (2) [s]he suffered an adverse employment decision, and (3) the decision was causally related to the protected activity."

Martin, 543 F.3d 1268.  Once an employee establishes a prima facie case of retaliation, the burden then shifts to the employer "to articulate a legitimate reason for the adverse action."  Id. (quoting Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1297 (11th Cir. 2006)).

On Count II, Defendant is again deemed to have admitted that Plaintiff has been employed with Defendant since 2009, that Defendant is an employer as defined by the FMLA, and that she suffered a head injury that resulted in her seeking emergency room treatment (Doc. 1, ¶¶ 5, 7-9).  Defendant also admits that Plaintiff's doctor put her on FMLA leave beginning the last week of August 2014 due to her injury (Id., ¶ 11). Defendant further admits that Plaintiff did not work the last week of August 2014, and thereafter was only working 4 hours per day while on FMLA leave (Id., ¶ 12).  Defendant has also admitted that it terminated Plaintiff because of her performance during the month of August when she was still on FMLA leave (Id., ¶ 14).  Defendant admits that Plaintiff was entitled to leave under the FMLA (Id., ¶ 21).  Defendant further admits that the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff in violation of the FMLA and that its decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage (Id., ¶¶ 22-23).  Finally, Defendant is deemed to have admitted that Plaintiff has suffered damages as a result (Id., ¶ 24). Accepting these well-pled allegations as true, Plaintiff has sufficiently pled Count II, and it is **RECOMMENDED** that the Court find that Plaintiff is entitled to default judgment on her claim of FMLA retaliation in violation of 29 U.S.C. §§ 2615(a)(1), (2).

### V. Damages, Fees, and Costs

Plaintiff's Complaint prays for all damages recoverable under the FMLA, attorneys' fees and litigation expenses, and costs (Doc. 1 at 3-4).  The FMLA provides for an award

of damages for violation of the Act to include: "(i) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; … (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and (iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii)." 29 U.S.C. § 2617(a)(1)(A).   Plaintiff has submitted an affidavit stating her weekly wage at the time of termination was $1,215.38, with a total of back pay damages of $41,322.92, based upon 34 weeks since her termination (Doc. 14-1, ¶ 10).   She seeks total damages of $82,645.84, which includes liquidated damages as permitted under 29 U.S.C. § 2617(a)(1)(A)(iii).   Plaintiff has submitted sufficient information to support her claim for liquidated damages, and accordingly, it is **RECOMMENDED** that the Court direct the Clerk to enter judgment in favor of Plaintiff and against, Defendant, in the amount of $82,645.84, for which let execution issue.   Because the Plaintiff has failed to submit any documentation to support her request for attorneys' fees, costs, or interest, it is **RECOMMENDED** that this relief be **DENIED**.   Alternatively, the Court may wish to **CARRY** these matters for consideration in the future.

## Conclusion

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Amended Motion for Final Judgment Pursuant to Court's Default Judgment against Defendant, Wingspan Portfolio Advisors, LLC (Doc. 14) be **GRANTED** and judgment be entered in favor of Plaintiff and against Defendant in the amount of $82,645.84.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 3, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties